UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARMONE LARSHAY HAWKINS,

Plaintiff(s),

v.

CITY OF FEDERAL WAY, et al.,

Defendant(s).

CASE NO. C26-5012-KKE

ORDER DISMISSING COMPLAINT
WITHOUT PREJUDICE AND WITH
LEAVE TO AMEND

Plaintiff Armone Larshay Hawkins, representing himself, filed this action and applied to proceed *in forma pauperis* ("IFP"). Dkt. No. 1. United States Magistrate Judge Grady J. Leupold granted Plaintiff's IFP application on January 12, 2026, but recommended that the Court review his complaint under 28 U.S.C. § 1915(e)(2)(B) before summons are issued. Dkt. No. 3.

A complaint filed by any person seeking to proceed IFP under 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (applying § 1915 review to non-prisoner IFP plaintiffs). Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must contain factual allegations sufficient "to raise a

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND - 1

right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Although Rule 8 "does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

In this action Plaintiff sues three law enforcement officers and the City of Federal Way over Plaintiff's detention, interrogation, and prosecution on charges that were ultimately dismissed.[1]  Dkt. No. 4 at 2.  He asserts claim for violations of the Fourth and Fourteenth Amendments, Failure to Intervene, Municipal Liability, and Defamation. *Id.* at 5.  Plaintiff alleges he appeared at a Federal Way police station for a voluntary polygraph test in February 2021, when police officers brought him to an interrogation room and took his cellphone, car keys, and Apple Watch. *Id.* at 2.  Plaintiff was then questioned by Defendant Inspector Beaty.[2] *Id.*  Plaintiff alleges that "Inspector Beaty engaged in coercive, intimidating, and unconstitutional interrogation tactics" while the two other individual Defendant officers observed via video. *Id.*  After charges against Plaintiff were dismissed, Plaintiff claims that Defendant the City of Federal Way "provided no assistance, guidance, or support to seal, correct, or expunge Plaintiff's record." *Id.* at 3.  Plaintiff alleges that he suffered a number of consequences "[a]s a direct result of Defendants' actions"—including family separation, emotional distress, and loss of employment opportunities—though he

---

[1] In addition to Plaintiff's initial complaint (Dkt. No. 4), Plaintiff filed an amended complaint on the same day Judge Leupold granted his IFP application (Dkt. No. 5).  This latter pleading does not appear to contain new allegations not included in the initial complaint.  The Court has considered both documents in concluding that Plaintiff has not pleaded a claim on which relief may be granted.
[2] Inspector Beaty is named in the complaint only by his last name.

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND - 2

does not explain how these consequences resulted from the interrogation at issue, as opposed to the apparently ongoing criminal investigation and prosecution that led to the dismissed charges. *Id.* at 4–5.

As recommended by Judge Leupold, the Court has reviewed Plaintiff's complaint (Dkt. No. 4) and the amended complaint he subsequently filed (Dkt. No. 5) and finds that these documents do not state a claim upon which relief may be granted.  Plaintiff asserts that his questioning by Inspector Beaty was "coercive" and "intimidating" but offers no details, beyond these conclusory labels, about the techniques used during the questioning or the context in which it occurred to support a plausible inference that Plaintiff's constitutional rights were violated. While his allegation that he was prohibited from contacting his family while questioned might support an inference that he was "seized" under the Fourth Amendment, he alleges no surrounding facts to suggest Defendants lacked probable cause, as required to state a Fourth Amendment violation in this context.  *See United States v. Mendenhall*, 446 U.S. 544, 554 (1980); *Whren v. United States*, 517 U.S. 806, 819 (1996) ("[P]robable cause justifies a search and seizure.").

Moreover, Plaintiff's municipal liability claim against Federal Way under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), fails because Plaintiff has not alleged facts suggesting that any violations of his rights were part of "a longstanding practice or custom which constitutes the standard operating procedure of the local government entity[.]" *See Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 984 (9th Cir. 2002).  And he fails to allege the publication of any false statement that might support his claim for defamation.  *See Duc Tan v. Le*, 300 P.3d 356, 363 (Wash. 2013) ("A defamation action consists of four elements: (1) a false statement, (2) publication, (3) fault, and (4) damages.").

Finally, to state a claim for money damages against any of the individual officer Defendants, Plaintiff must plead facts sufficient to overcome the officers' qualified immunity.  The

doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff's complaint as written does not clear this hurdle.   Similarly, to the extent Plaintiff intends to assert claims related to the charges brought against him in his prosecution, absolute quasi-judicial immunity bars claims challenging acts by prosecutors that formed "part of the judicial process[,]" such as the decision to initiate a prosecution or the investigation of the charges. *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003) ("If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights.")

It is not absolutely clear, however, that amending the complaint to add allegations concerning the circumstances and details of his interrogation could not cure some of these deficiencies.   *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile).   Therefore, the Court will grant leave to amend so Plaintiff may allege additional facts regarding his interrogation and prosecution if he so chooses, keeping in mind the legal principles outlined above that govern his claims.

Accordingly, the Court ORDERS the following:

1. Plaintiff's complaint is DISMISSED without prejudice and WITH LEAVE TO AMEND; and

2. Plaintiff must file a Second Amended Complaint by **February 23, 2026**.

If Plaintiff fails to comply with this order to file a second amended complaint, this action may be dismissed for failure to prosecute and failure to obey the Court's order.

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND - 4

Dated this 2nd day of February, 2026.

Kymberly K. Evanson
United States District Judge