UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARMONE LARSHAY HAWKINS,

Plaintiff(s),

v.

CITY OF FEDERAL WAY, et al.,

Defendant(s).

CASE NO. C26-5012-KKE

ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND

Plaintiff Armone Larshay Hawkins, representing himself, filed this civil rights action under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* ("IFP"). Dkt. No. 1. United States Magistrate Judge Grady J. Leupold granted Plaintiff's IFP application on January 12, 2026, but recommended that the Court review his complaint under 28 U.S.C. § 1915(e)(2)(B) before summons are issued. Dkt. No. 3. Following Judge Leupold's recommendation, the Court reviewed the complaint (Dkt. No. 4) as well as Plaintiff's subsequently filed amended complaint (Dkt. No. 5) and held that Plaintiff failed to state a claim upon which relief could be granted (Dtk. No. 7). Accordingly, the Court dismissed Plaintiff's complaint and amended complaint but granted leave to file a second amended complaint. *Id.* at 4. Plaintiff filed a second amended complaint on February 6, 2026. Dkt. No. 8.

A complaint filed by any person seeking to proceed IFP under 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent the complaint

ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND - 1

is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (applying § 1915 review to non-prisoner IFP plaintiffs). Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although Rule 8 "does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

Plaintiff's second amended complaint sues two law enforcement officers, the City of Federal Way, and unidentified "John Doe" defendants in connection with Plaintiff's interrogation and subsequent arrest on charges that were ultimately dismissed. Dkt. No. 8 at 1. Plaintiff alleges that, on February 23, 2021, he appeared at a Federal Way police station for a voluntary polygraph test, when police officers brought him to an interrogation room, told him to turn off his phone, and took his cellphone, car keys, and Apple Watch. *Id.* at 1. Plaintiff contends that his parents arrived at the station but were not permitted to see him. *Id.* Plaintiff was then "subjected to prolonged interrogation and psychological pressure and was arrested immediately thereafter based on statements later ruled inadmissible due to coercion." *Id.* He asserts claims under 42 U.S.C. § 1983, seeking damages for violations of the Fourth and Fourteenth Amendments and, as to Federal Way,

ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND - 2

for municipal liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id.* at 1–2.

Plaintiff fails to state a claim upon which relief may be granted because his claims are time barred by the applicable three-year statute of limitations. Although 42 U.S.C. § 1983 does not contain its own statute of limitations, courts apply the statute of limitations for analogous causes of action under the law of the forum state. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The Supreme Court has held that a state's personal injury statute provides the best analogue for determining the statute of limitations for § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Accordingly, in Washington, the Ninth Circuit has held that "the appropriate statute of limitations in a § 1983 action is the three-year limitation of Wash. Rev. Code § 4.16.080(2)." *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, (2007). "Under federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 2009 WL 1564235, at *6 (9th Cir. June 5, 2009) (citing *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000)).

Here, Plaintiff filed this action nearly five years after his interrogation and arrest, both of which occurred in February 2021. Dkt. No. 8 at 1. Plaintiff no doubt knew of the resulting injury at the moment these incidents happened; so, his claims accrued on the same date: February 23, 2021. He did not file this case, however, until January 7, 2026 (Dkt. No. 1)—nearly two years after the three-year statute of limitations had expired. Wash. Rev. Code § 4.16.080(2). While in rare cases the statute of limitations can be equitably tolled, this does not appear to be such a case. Washington courts "permit equitable tolling only sparingly" and only if the predicates of "bad

ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND - 3

faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff" are present. *Trotzer v. Vig*, 203 P.3d 1056, 1062 (Wash. Ct. App. 2009) (quoting *Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998)). Plaintiff's operative complaint contains no allegations of "bad faith, deception, or false assurances" that could plausibly have misled Plaintiff as to the existence of his injuries at the time they occurred. Accordingly, Plaintiff's claims are untimely and barred by the statute of limitations.

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Given the Ninth Circuit's liberal policy favoring amendment, the court will dismiss Plaintiff's complaint without prejudice and with leave to file a third amended complaint. If he does so, his new complaint must allege facts supporting a plausible inference that his claims accrued within the period required by the applicable statute of limitations.

Accordingly, the Court ORDERS the following:

1. Plaintiff's second amended complaint (Dkt. No. 8) is DISMISSED without prejudice and WITH LEAVE TO AMEND; and

2. Plaintiff must file a Third Amended Complaint by April 1, 2026.

Dated this 11th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND - 4