UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARMONE LARSHAY HAWKINS,

                Plaintiff(s),

    v.

CITY OF FEDERAL WAY, et al.,

                Defendant(s).

CASE NO. C26-5012-KKE

ORDER DISMISSING THIRD AMENDED COMPLAINT WITH PREJUDICE

Plaintiff Armone Larshay Hawkins, representing himself, filed this civil rights action under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* ("IFP"). Dkt. No. 1. United States Magistrate Judge Grady J. Leupold granted Plaintiff's IFP application on January 12, 2026, but recommended that the Court review his complaint under 28 U.S.C. § 1915(e)(2)(B) before summons are issued. Dkt. No. 3. The Court has since reviewed Plaintiffs' original complaint, his amended complaint, and his second amended complaint, and held that all three pleadings failed to state a claim upon which relief may be granted. Dkt. Nos. 7, 9. Most recently, the Court dismissed Plaintiff's second amended complaint because his claims, which concern events in 2021, are time-barred by the applicable three-ear statute of limitations. Dkt. No. 9 at 3. But the Court granted leave to amend to attempt to cure this deficiency. *Id.* at 4. Plaintiff filed a Third amended complaint and a response regarding the statute of limitations on March 18, 2026. Dkt. No. 10, 11.

A complaint filed by any person seeking to proceed IFP under 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (applying § 1915 review to non-prisoner IFP plaintiffs). Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although Rule 8 "does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

As explained in the Court's prior order, claims under 42 U.S.C. § 1983 are subject to Washington's three-year statute of limitations for personal injury suits. Dkt. No. 9 at 3 (citing *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991); Wash. Rev. Code § 4.16.080(2)). Such claims accrue "when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). The accrual date is not extended when the plaintiff later learns that the injury resulted from unlawful conduct. *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1049–51 (9th Cir. 2008) (holding that discrimination claim accrued when "plaintiffs knew they had been injured … even if at that point

ORDER DISMISSING THIRD AMENDED COMPLAINT WITH PREJUDICE - 2

in time the plaintiffs did not know of the legal injury, i.e., that there was an allegedly discriminatory motive underlying the failure to hire").

Plaintiff's third amended complaint reiterates the facts recounted in his second amended complaint and adds allegations concerning the timeliness of his claims. Plaintiff sues three law enforcement officers, the City of Federal Way, and unidentified "John Doe" defendants in connection with Plaintiff's interrogation and subsequent arrest on charges that were ultimately dismissed. Dkt. No. 11 at 1. Plaintiff alleges that, on February 23, 2021, he appeared at a Federal Way police station for a voluntary polygraph test, when police officers brought him to an interrogation room, told him to turn off his phone, and took his cellphone, car keys, and Apple Watch. *Id.* at 2. Plaintiff contends that his parents arrived at the station but were not permitted to see him. *Id.* Plaintiff was then "subjected … to prolonged interrogation involving psychological pressure, coercive tactics, and manipulation" and was arrested immediately thereafter based on statements later ruled inadmissible due to coercion. *Id.*

As to the timeliness of his claims, Plaintiffs' third amended complaint alleges that, "although the underlying events occurred in 2021," Plaintiff "first became aware of potential constitutional violations during" a suppression hearing held on July 18, 2022, in his criminal prosecution. *Id.* at 3. He claims he "did not obtain and personally review the suppression hearing audio until October 15, 2025, at which point [he] was able, for the first time, to fully understand the nature, severity, and constitutional implications of the misconduct[.]" *Id.* Plaintiff filed this lawsuit on January 7, 2026. Dkt. No. 1. He asserts claims under 42 U.S.C. § 1983 and seeks damages for violations of the Fourth, Fifth, and Fourteenth Amendments and, as to Federal Way, for municipal liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Dkt. No. 11 at 5–6.

Plaintiff's amendments do not cure the untimeliness of his claims. Even if Plaintiff learned of the allegedly unconstitutional nature of his injury at the suppression hearing in 2022 (still more than three years before he filed suit) and did not gain "a complete and actionable awareness of [his] claims" until 2025 (Dkt. No. 11 at 3), Plaintiff learned "of the injury" itself in 2021, when he alleges Defendants subjected him to the unconstitutional interrogation. *Douglas*, 567 F.3d at 1109. His claims accrued in 2021, when he became "aware[] of the actual injury," not years later when he first "suspect[ed] a legal wrong." *Lukovsky*, 535 F.3d 1044, 1049.

In the alternative to arguing for a later accrual date, Plaintiff gives two reasons why he argues his claims should be equitably tolled. Washington courts "permit equitable tolling only sparingly" and only if the predicates of "bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff" are present. *Trotzer v. Vig*, 203 P.3d 1056, 1062 (Wash. Ct. App. 2009) (quoting *Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998)). First, Plaintiff claims that "[t]he COVID-19 pandemic created significant disruptions including limited access to agencies, delays, restricted communication, and limited legal assistance." Dkt. No. 10 at 2. Washington courts, however, have rejected similar requests for equitable tolling based on generic claims about pandemic-related delays that do not involve "bad faith, deception, or false assurances" by any of the defendants. *See Smith v. Champness*, 2022 WL 16549065, at *4 (Wash. Ct. App. 2022); *In re Est. of Boswell*, 2021 WL 4840817, at *3 (Wash. Ct. App. 2021). Second, Plaintiff alleges that he "attempted to report misconduct but was unable to submit a formal complaint, was excluded from official reports, and could not obtain critical records." Dkt. No. 10 at 2. To the extent this vague allegation concerns "bad faith, deception, or false assurances" (it is not clear that it does), Plaintiff still does not ascribe such misconduct to the Defendants or explain how it prevented him from timely filing this suit. *Trotzer*, 203 P.3d at 1062.

ORDER DISMISSING THIRD AMENDED COMPLAINT WITH PREJUDICE - 4

Accordingly, Plaintiff's claims are untimely and equitable tolling is unwarranted. As Plaintiff has had several opportunities to amend his complaint and it is now "absolutely clear" that no further amendment could cure the fact that his claims are time-barred, the Court will dismiss this case with prejudice. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, the Court ORDERS the following:

1.  Plaintiff's third amended complaint (Dkt. No. 11) is DISMISSED with prejudice.

Dated this 9th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DISMISSING THIRD AMENDED COMPLAINT WITH PREJUDICE - 5